FILED '11 MAR 15 12:47 USDC-ORE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

SECURITY NATIONAL INSURANCE COMPANY, )
                                      )
            Plaintiff,                )     Civil No. 09-1388-HO
                                      )
                                      )
                 v.                   )         ORDER
                                      )
GLORYBEE FOODS, INC., an Oregon       )
corporation; and NATURE'S PATH FOODS, )
INC., a foreign corporation,          )
                                      )
            Defendants.               )
_____)
                                      )
GLORYBEE FOODS, INC., an Oregon       )
corporation,                          )
                                      )
            Third-Party Plaintiff,    )
                                      )
                 v.                   )
                                      )
BEECHER CARLSON INSURANCE AGENCY,     )
LLC,                                  )
                                      )
            Third-Party Defendant     )
_____)

Plaintiff Security National Insurance brings this suit seeking a declaration that it does not owe defendant GloryBee Foods a duty to defend or indemnify in a lawsuit filed against GloryBee by Nature's Path.

In the underlying action, Nature's Path alleges that it purchased 80,000 pounds of roasted peanuts, manufactured by Peanut Corporation of America, from GloryBee. Nature's Path incorporated the nuts into its products in such a manner that precluded their removal. Subsequently, the Texas Department of State Health services and the United States Department of Food and Drug Administration issued a recall encompassing the peanuts which in turn caused Nature's Path to issue a recall for its products incorporating the peanuts. Nature's Path alleges it incurred damage for the loss of value of its products and expenses in recalling its products caused by GloryBee's breach of implied terms of merchantability, fitness for a particular purpose, and the inability of the peanuts to pass without objection in the trade. All damages alleged are premised on the fact that GloryBee delivered peanuts that became subject to a mandatory recall and such peanuts were irrevocably incorporated into Nature Path's product.

Security National provided insurance coverage to GloryBee under which it agreed to pay those sums that GloryBee becomes legally obligated to pay as damages because of property damage. Under the

2 - ORDER

policy, Security National also has the duty to defend against any
suit seeking such damages. However, the policy excluded coverage for

> Damages claimed for any loss ... incurred by you or others
> for the ... recall ... of:
>     (1) "Your Product";
> [or]
>     (2) "Impaired Property"
> ...
> If such product or property ... is withdrawn or recalled
> from the market or from use by any reason or organization
> because of a known or suspected defect, deficiency,
> inadequacy or dangerous condition in it.

General Liability insurance policy at p. 5 (attached to the
Declaration of Marianne Ghim (#31) as Exhibit 2 at p. 9).

> "Your Product" is defined as

> Any goods or products, other than real property,
> manufactured, sold, handled, distributed or disposed of by:
>     (a) You;
>     ....

Id. at p. 15.

> "Impaired Property" is defined as

> tangible property; other than "Your Product" ... that
> cannot be used or is less useful because:

> a.    It incorporates "your product" ... that is known or
>        thought to be defective, deficient, inadequate or
> dangerous; or

> b.    You have failed to fulfill the terms of a contract or
>        agreement;

> if such property can be restored to use by:

> a.    The repair, replacement, adjustment or removal
>        of "your product" ... or
> b.    Your fulfilling the terms of the contract or
>        agreement.

Id. at p. 12.

3 - ORDER

Security National asserted three reasons for refusing to defend GloryBee in the action filed by Nature's Path, but Security National has apparently abandoned all but the recall exclusion. Both parties seek partial summary judgment as to the applicability of the exclusion to the duty to defend the Nature's Path case.

GloryBee argues that the alleged damage was caused by a recall of Nature Path's products, not the peanuts sold by GloryBee.[1] Security National asserts that the peanuts are the product that has been recalled and the damages in the underlying complaint relate to that recall.

Interpretation of insurance policy provisions is a question of law. The governing rule of the construction of insurance contracts is to ascertain the intention of the parties. Totten v. New York Life Ins. Co., 298 Or. 765, 770 (1985). Ambiguous terms contained within an insurance policy are to be construed against the insurer, who drafted the policy. Hoffman Const. Co. of Alaska v. Fred S. James and Co. of Oregon, 313 Or 464, 470 (1992).

> For a term to be ambiguous in a sense that justifies resort to the foregoing rule, however, there needs to be more than a showing of two plausible interpretations; given the breadth and flexibility of the English language, the task of suggesting plausible alternative meanings is no challenge to capable counsel. Competing plausible interpretations simply establish ambiguity that will require some interpretive act by the court. This triggers a series of analytical steps, any one of which may resolve the ambiguity. The rule on which plaintiffs rely is the

---

[1]In addition, GloryBee asserts that the Nature's Path product does not meet the definition of "impaired property," however, Security National is not relying on that provision.

last of these steps. In other words, a term is ambiguous in a sense that justifies application of the rule of construction against the insurer only if two or more plausible interpretations of that term withstand scrutiny, i.e., continues to be reasonable, after the interpretations are examined in the light of, among other things, the particular context in which that term is used in the policy and the broader context of the policy as a whole.... Ambiguity requires resort ultimately to the rule that plaintiffs invoke because, when two or more competing, plausible interpretations survive the kind of scrutiny described, the term still must "reasonably be given a broader or a narrower meaning, depending upon the intention of the parties in the context in which such words are used by them." Shadbolt v. Farmers Insur. Exch., 275 Or. 407, 411, 551 P.2d 478 (1976).... That is, when two or more competing, plausible interpretations prove to be reasonable after all other methods for resolving the dispute over the meaning of particular words fail, then the rule of interpretation against the drafter of the language becomes applicable, because the ambiguity cannot be permitted to survive. It must be resolved.

Id. 470-71.

Whether an insurer has a duty to defend an action against its insured depends on, in addition to interpretation of the policy, interpretation of the complaint. Oakridge Comm. Ambulance v. U.S. Fidelity, 278 Or. 21, 24 (1977). An insurer has a duty to defend an action against its insured if the claim against the insured stated in the complaint could, without amendment, impose liability for conduct covered by the policy. Id. The insurer has a duty to defend if the complaint provides any basis for which the insurer provides coverage. Nielsen v. St. Paul Companies, 283 Or. 277, 280 (1978). Even if the complaint alleges some conduct outside the coverage of the policy, the insurer may still have a duty to defend if certain allegations of the complaint could impose liability for conduct covered by the

policy.   Ferguson v. Birmingham Fire Ins., 254 Or. 496, 506-07 (1969).   Again, any ambiguity in the complaint with respect to whether the allegations could be covered is resolved in favor of the insured.   Blohm et al v. Glens Falls Ins. Co., 231 Or. 410, 416 (1962).

The exclusion at issue here is intended to exclude from coverage the cost of preventative or curative action by withdrawal of a product in situations in which a danger is to be apprehended. Wyoming Sawmills, Inc. Transportation Ins. Co., 282 Or. 401, 408 (1978).   The insurer has the burden of drafting exclusionary clauses that are clear and unambiguous.   N. Pac. Ins. Co. v. Hamilton, 332 Or. 22, 29 (Or. 2001).   Therefore, any ambiguity in an exclusionary clause is strictly construed against the insurer.   Stanford v. Am. Guaranty Life Ins. Co., 280 Or. 525, 527 (Or. 1977).

The underlying complaint alleges damages resulting from the recalled peanuts which, in turn, required recall of Nature's Path's products inextricably incorporating those peanuts.   The policy is unambiguous with respect to inclusion of the peanuts as "your product."   It is undisputed that the peanuts have been recalled.   It is also undisputed that Nature's Path's product incorporating the peanuts have been recalled.   The underlying complaint alleges damages relating to the recall of Nature's Path's product.   The complaint also alleges that the underlying recall of the peanuts is a cause of the recall of the Nature's Path product.   Thus, a reasonable

6 - ORDER

interpretation of the policy exclusion, isolated from the rest of the
policy, could be to exclude coverage because the complaint could be
interpreted as alleging damage because of a recall of "your product."
This is because GloryBee's product itself has become subject to a
recall and that led to alleged damage to Nature's Path because it
incorporated such product into its own product.

However, the policy went further to exclude coverage for
"impaired property" which includes property other than "your product"
when such property incorporates "your product."  The exclusion,
though, only excludes coverage for damage claimed for "impaired
property" if such property can be restored to use by the repair,
replacement, adjustment or removal of "your product."  Accordingly,
given this context, a reasonable interpretation of the exclusion as
applied to the underlying complaint, would prevent application of the
exclusion.  The parties intended the exclusion to apply to damage
claims related to products of others only when the insured's product
was not inextricably incorporated into such product.  Because the
complaint alleges damages related to the recall of a product
irrevocably impaired by the insured's product and because the policy
unambiguously excepts from the exclusion such damage claims, the
policy must be construed in favor of coverage.  Had Security
National intended to exclude coverage under the facts presented in
the underlying complaint, it could have simply defined "impaired
property" to include any property of which the insured's product is

7 - ORDER

a component part regardless of whether it could be restored to use. Accordingly, Security National's motion for partial summary judgment is denied with respect to the sistership exclusion.

Because Security National relies only on the sistership exclusion, GloryBee's motion for partial summary judgment is granted. Accordingly, Security National does have a duty to defend GloryBee in the underlying action filed by Nature's Path.

### CONCLUSION

For the reasons stated above, plaintiff Security National's motion for partial summary judgment (#29) is denied and defendant GloryBee's motion for partial summary judgment (#21) is granted.

DATED this __15th__ day of March, 2011.

Michael L. Hogan
United States District Judge

8 - ORDER